THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DR. JAMES HOLLOWELL and MORGAN
HOLLOWELL,
17025 Sanctuary Trail
Brookfield, WI 53005,

      Plaintiffs,

v.

Case No.

ELMBROOK SCHOOL DISTRICT,
13780 Hope Street
Brookfield, WI 53005, and

DANIEL ANDERSON,
16900 West Gebhardt Road
Brookfield, WI 53005

      Defendants.

## COMPLAINT

Plaintiffs Dr. James Hollowell and Morgan Hollowell, by their attorneys, Friebert, Finerty & St. John, S.C., allege the following as their complaint:

### NATURE OF THE ACTION

1. Morgan Hollowell recently began her first year as a student at Brookfield Central High School ("BCHS") in the Elmbrook School District ("Elmbrook"). Morgan has been a member of a competitive girls ice hockey team formed by students from several Southeastern Wisconsin school districts and administered through the Kettle Moraine School District ("Kettle Moraine"). The team has successfully operated for two seasons and at the beginning of this year, as was the original intention, sought recognition as a Wisconsin Interscholastic Athletic

Association ("WIAA") "cooperative" team. Cooperative or "coop" teams are sanctioned by WIAA in order to provide students the opportunity to participate in competitive, interscholastic sports even if individual schools do not have enough players in a particular sport to field a team.

2. In very early 2009, the Athletic Director for Kettle Moraine High School contacted the Athletic Directors at the high schools attended by members of the girls ice hockey team including BCHS's athletic director Daniel Anderson, and each Athletic Director confirmed their intention to permit their students to play on the team. Subsequently, the Kettle Moraine Athletic Director submitted the paperwork necessary for recognition as a coop team to WIAA and WIAA approved recognition of the team. The team now operates as a WIAA coop team, with the resulting competitive opportunities.

3. BCHS participates in a boys cooperative ice hockey team. Over the next months, Elmbrook apparently reconsidered participation in the girls coop team, formally reversing its prior decision to participate in late summer/early fall 2009. Participation in the girls ice hockey coop team would impose no expense or administrative burden whatsoever on BCHS or Elmbrook school district. The team continues to be administered through the Kettle Moraine school district and its coaching, management, scheduling, travel, funding, and practices, *i.e.*, ice-time, remain in place as the team begins its third season, its first as a WIAA coop.

4. Despite the absence of any cost or burden on the defendants or BCHS and despite BCHS's ongoing participation in a cooperative boys ice hockey team, BCHS refuses to permit Morgan and a number of other BCHS students to participate in the girls coop team. This will force Morgan to quit the team and will endanger the team's existence by reducing its membership to a potentially non-viable level.

5. Defendants' decision to obstruct girls' participation in a sport offered to boys is unlawful because it denies Morgan and other girls an opportunity extended to boys, it reflects discriminatory decision-making, and, in light of the fact that participation in the girls ice hockey team would impose no costs or burden, it is otherwise arbitrary and irrational.

6. The Hollowells bring this civil action pursuant to Title IX of the Educational Amendments of 1972 (20 U.S.C. § 1681, *et seq.*), the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, and § 118.23, Wis. Stats.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(a)(3) (§ 1983 jurisdiction).

8. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims alleged herein, which are related to the claims over which this Court has original jurisdiction and which form part of the same case or controversy.

9. The Eastern District of Wisconsin is the proper venue for this action because Plaintiffs' claims arise out of acts undertaken and injuries suffered in the Eastern District of Wisconsin within the meaning of 28 U.S.C. § 1391(b).

## PARTIES

10. Plaintiff Dr. James Hollowell is an adult resident of the State of Wisconsin, residing in Brookfield, WI 53005. Dr. Hollowell is the father of Morgan Hollowell.

11. Plaintiff Morgan Hollowell is a minor and she resides with her parents. Morgan is a student at BCHS.

12. Defendant Elmbrook is a unit of local government which receives federal funding as a public educational institution, and has the capacity to sue and be sued in this Court. BCHS is within Elmbrook.

13. Defendant Daniel Anderson ("Anderson") is employed by Elmbrook as the Athletic Director at BCHS in Brookfield, Wisconsin and at all times pertinent to this case was acting under the color of state law.

## FACTUAL BACKGROUND

14. Plaintiffs incorporate by reference all of the allegations of this Complaint as though fully set forth herein.

15. Over two years ago, a girls ice hockey "club" team was formed by girls from several Southeastern Wisconsin school districts. It was and is administered through the Kettle Moraine school district.

16. One of the original purposes of the team was to build interest and participation in a sport historically considered a "boys sport" and to seek recognition from WIAA as a "cooperative team" that would compete with other WIAA teams.

17. WIAA coop teams permit students to compete even if their individual schools do not have sufficient players to form a free-standing team, thereby expanding competitive athletic opportunity, especially in sports in which student interest is not well established but is developing.

18. WIAA coop team status requires, among other things, the approval of each participating school and district.

19. Like other participating schools' athletic directors, in early 2009, defendant Anderson confirmed his intention to have BCHS girls play on the team. With the knowledge of defendants, the team's coop status was approved by WIAA in or around April 2009.

20. Morgan Hollowell has been a member of the club team and fully intended to continue as a member when she entered BCHS this year and when the team achieved WIAA recognition.

4

21. As they have been for the two previous seasons, all aspects of the team's funding, administration, and competition for the 2009-10 season have been arranged.

22. The team is funded by members' families and fundraising efforts.

23. Defendants have been and are aware the practical and logistical aspects of participation in the team.

24. In the months following defendant Anderson's approval, he (on behalf of BCHS) and Elmbrook apparently reconsidered participation in the girls coop team, and Elmbrook formally reversed its decision to participate in late summer/early fall 2009.

25. On information and belief, Elmbrook adopted Anderson's judgment and reached no independent decision on the matter.

26. Defendants refuse to permit their female students, including Morgan Hollowell, to play or continuing playing on the co-op hockey team.

27. Previously, defendants approved participation in a boys coop ice hockey team and their students currently enjoy the opportunity to play on a boys competitive WIAA coop ice hockey team.

## COUNT I – VIOLATION OF TITLE IX, EDUCATION AMENDMENTS OF 1972, 20 U.S.C. § 1681, et seq.

28. Plaintiffs incorporate by reference all of the allegations of this Complaint as though fully set forth herein.

29. On information and belief, Elmbrook offers meaningfully fewer and narrower opportunities for female students at BCHS to participate in competitive athletics at BCHS and Elmbrook fosters and maintains a disproportionality between male and female student athletes relative to the total student population of each.

30. Opportunities for female athletes at BCHS have been historically limited with respect to (but not limited to) competitive ice hockey.

31. At BCHS, there is sufficient interest and ability to maintain a viable girls' coop ice hockey team. Absent BCHS participation, the team may lack sufficient players to remain viable.

32. Morgan Hollowell is being denied the benefits of and is being subjected to discrimination on the basis of her gender under Elmbrook's education program or activity which receives federal assistance.

33. Morgan Hollowell is being willfully denied equal athletic opportunities by Elmbrook because of her gender.

34. As a result of Elmbrook's illegal actions, Plaintiffs have suffered injury. All or a portion of this injury will be irreparable absent timely judicial intervention.

## COUNT II – VIOLATION OF FOURTEENTH AMENDMENT OF UNITED STATES CONSTITUTION

35. Plaintiffs incorporate by reference all of the allegations of this Complaint as though fully set forth herein.

36. Defendants, acting under color of state law, willfully violated Morgan Hollowell's constitutional rights under the Equal Protection Clause of the Fourteenth Amendment by discriminating against her on the basis of her gender as alleged above, in violation of 42 U.S.C. § 1983.

37. As a result of Defendant's actions, Plaintiffs have suffered injury some or all of which will be irreparable absent timely judicial intervention.

## COUNT III – VIOLATION OF WISCONSIN ANTI-DISCRIMINATION LAW (Wis. Stat. § 118.13)

38. Plaintiffs incorporate by reference all of the allegations of this Complaint as though fully set forth herein.

39. As shown herein, Defendants Elmbrook and Anderson have violated Wis. Stat. § 118.13 by discriminating against Morgan Hollowell on the basis of her gender.

40. As a result of Defendants' actions, Plaintiffs have suffered injury.

WHEREFORE, Plaintiffs request the following relief:

A. Temporary, preliminary and permanent injunctive relief requiring Defendant to approve participation by Brookfield Central High School in the Kettle Moraine girls coop ice hockey team;

B. Compensatory and punitive damages in an amount to be determined at trial and to the extent permitted by law;

C. Costs and reasonable attorneys' fees as provided by law; and

D. All other relief the Court deems just and equitable.

Dated at Milwaukee, Wisconsin, this 20th day of October, 2009.

s/Jeremy P. Levinson
Jeremy P. Levinson (Bar Number 1026359)
Christopher M. Meuler (Bar Number 1037971)
Attorney for Plaintiffs
FRIEBERT, FINERTY & ST. JOHN, S.C.
Two Plaza East − Suite 1250, 330 East Kilbourn Avenue
Milwaukee, WI 53202
Telephone: (414) 271-0130
Fax: (414) 272-8191
E-mail: jpl@ffsj.com
cmm@ffsj.com